Appeal No. 222386.  Good morning. I'm Steve Fallon on behalf of the appellant and defendant Flora. We're here, as you know, on the second time in this case, unfortunately. Before I start, I'll just say that we've presented a number of arguments. We're maintaining all of those. I'm going to try to provide some color and context today to the arguments on appeal. In adopting the independent economic value test in the first appeal, this court cited a number of cases. One of them was a Second Circuit case, and this court said that the copyright holder marketed and distributed multiple protected works as individual works or a compendium of works is certainly relevant to the inquiry we believe Congress has required in 504C1. Apparently, the district court did not think so, because in granting summary judgment, the district court discounted undisputed facts about an arm's length transaction, the only arm's length transaction for the Sullivan's illustrations, and that was as a single group. None of them were ever sold separately, and this undisputed fact is sufficient to prevent the summary judgment granted below that each and every illustration in the two copyright registrations has an independent economic value. Mr. Fallon, just in the interest of time, and given we've seen both parties' briefs and we're pretty familiar with the case, can you articulate from your client's position what precisely should happen on remand? What I'm trying to get at is what is the scope of the remand? At a minimum, we should have the opportunity to have a trial on independent economic value, to have witnesses testify on disputed facts and undisputed facts, and a jury decide the issue. If Plaintiff Sullivan can provide enough evidence to get to trial— Hold on. If we conclude that there was an error at summary judgment and we send it back, the first part of what you said seems indisputably correct, that there would need to be a trial. Yes. Okay. Now, at that trial, would you and your adversary, Ms. Sullivan's counsel, would you just take the cards that are in your hand to that trial and play them as you can? In other words, there's no reopening of any kind of discovery. There's no new rounds of anything with experts. Your cards are what you are. Play them as best you can. That is not what Flora would prefer, and that's not what Flora proposed on the remand. We proposed limited discovery. An expert, given that there was a new standard that required testimony about a potential market, we felt that we should be able to designate an expert on that new standard adopted by this court. Mr. Fallon, why didn't you have an expert ready to go on that issue before trial? Because the court, it wasn't until the morning of trial that the court made the determination about individual illustrations and the statutory damages, which I understand why that put you at a disadvantage. But leading up to that point, you should have been prepared to make this independent economic value argument. In fact, you made it in your summary judgment. So I don't understand why you didn't have an expert already. I can explain that, Your Honor, because in the district court summary judgment ruling, which is 101 on authorship of the copyrights and the illustration, the district court said that the court notes that Sullivan registered the two sets of works as collections, apparently treating each set as a single work. The discovery in this case then proceeded on plaintiff's theory, which is legally incorrect and was expressed in their disclosure of expert testimony that there would be 33 instances of infringement that should be entitled to separate statutory damages. On the eve of trial, we were telling the district court that measuring the number of infringements is incorrect for measuring statutory damages. The court then said, okay, each illustration is a separate work. And we said, no, there should be independent economic value. Prior to that time... But why weren't you preparing for that leading up to trial? Because it was never disclosed to us that there would be an issue of works. Plaintiff was contesting that it would be an issue of how many infringements. I think I'm on the same wavelength as Judge St. Eve here. You know if this case is going to trial that the plaintiff, Ms. Sullivan, can reserve judgment on whether to accept if the verdict is in her favor an award of actual damages or statutory damages, correct? That's just the way the scheme works. Correct. Okay. So that means that as this case is barreling along, there is the prospect that your client could face liability for statutory damages if things don't go your way. Correct. Okay. And your client further knows that its position is that the independent economic value test that we ultimately adopted should apply. And I think you took the position they have no or next to no independent economic value. And so your client thought, well, we're going to be in pretty good shape on statutory damages even if we lose. Okay. And if that's the case, why all along weren't you lined up with an expert? It just seems completely foreseeable. When plaintiff designated no expert to testify on statutory damages and plaintiff designated no expert to testify on statutory damages. But defendants often look out for their own interests even if the plaintiffs aren't looking out for theirs. In other words, you'd say if the plaintiff is making a mistake, that's on her. But my client's not going to make a mistake. We're ready to go. We're ready to defeat this with our own expert.  We could at trial, Your Honor. We have pointed out undisputed facts from the invoices to the fact that these were never marketed separately to that there was one price paid for each, $2,500 for the seven sources and $3,000 for the fluorescents. So wait, I want to go back to the expert discovery, please. Is your response that plaintiff made her 26A2 disclosures disclosing her expert maker, major, on actual damages? And since plaintiff has the burden of proof, you thought actual damages are going to be proven up. We don't need to do anything on statutory damages. We did not have to have competing expert testimony. We believed it would have been appropriate to have plaintiff's expert, if there were an expert testimony, on independent economic value. We believed it would be a very tough row to hoe because there was never a sale. There was never an offer for sale of any illustration. But that's a different response then than saying because they didn't disclose one, we didn't think we had to because it's their burden of proof. Now you're saying, well, plaintiff's evidence of it wouldn't have established independent economic value, so we didn't think we needed to put an expert forth. That's a different response. Sure. Your response is, in my view, relevant to assessing what the district court did here and assessing what should be done going forward. I should note that Flora assumed on remand that plaintiff would want, because plaintiff had never introduced an expert on economic value, we were proposing a schedule that we thought would be agreeable to the parties. We thought that if plaintiff was going to have an opportunity, we didn't just propose having an expert for us. We proposed that each party have an opportunity to present limited expert testimony regarding independent economic value. Because we assumed when this court told the district court to better develop the factual record and to have testimony about markets, that plaintiff would need to present some of that testimony, and we were not aware of any expert testimony regarding that on plaintiff's side. Was any evidence submitted in connection with the summary judgment that was not submitted at trial? I'm not sure I understand your question, Your Honor. So you had the trial, evidence was submitted, but there had also been discovery done before that. Some of that discovery was not introduced at trial. Correct. Was there anything in connection with the summary judgment motion after the remand that was admitted for summary judgment purposes that had not been admitted at trial, if you remember? The testimony, certainly during, this was a three-phase trial, certainly during the damages phase of the trial, we never asked questions about the, you know, whether Ms. Sullivan sold... I don't care which phase, but... Yeah, there was no testimony about the critical facts that are admitted in summary judgment at the first trial because the district court on the eve of trial had said that there are separate works in the copyright registrations. So there was no line of questioning, no opportunity to question witnesses on the things that are raised in our summary judgment motion. Can I ask you one final question? Yes. If we remand, do you think the scope of the remand should be limited as to a trial just on the question of statutory damages and the works issue under the independent economic value test, and not a trial that would even leave the option of actual damages open to the plaintiff? And the reason I'm asking that is because of the very narrow circumstances in which we find ourselves here. In my view, everything in this trial but except for independent economic value is resolved. Infringement is resolved. The unjust enrichment award is what it is, et cetera, et cetera. Agreed. So should we just go, should it just go back to empanel a jury on this very narrow question of statutory damages? Important question to be sure, but narrow. It's a very important and narrow question, and yes, that's what's important. So actual damages are off the table? Actual damages, because the jury in the first trial was instructed there were so many works. She chose the higher amount. I remember how it happened. Yeah, yeah. It would make sense to have a retrial on damages, period, relating to the copyright registrations. Actual and statutory? Yes. Okay. Very well. Thank you. Mr. Payne Camp, good morning. Good morning, Your Honors. A bit of trivia. We were here four years ago on this very day arguing the original appeal. Just trivia. The plaintiffs, I mean, sorry, the appellant's argument is basically everything is the trial court's fault. And the reason we can't dispute the facts on summary judgment on remand is because of things are false by the district court. And that's not true. The reason they can't dispute them is because they agreed with them repeatedly during the trial. They agreed that Mr. Maggar's testimony was accurate, and this was after they heard the testimony. But Mr. Maggar was disclosed as an actual damages expert, not as an independent economic value expert. That issue was not litigated at trial. So even if plaintiff agreed with everything that was said at trial, how can that bind? I'm sorry, Flora. Even if Flora admitted everything at trial, how can that bind them on the independent economic value, which we defined after the fact when it was never litigated? Right. And, I mean, I'd like to draw your attention to page 18 of our brief where we quote from the closing argument of Flora's counsel. But that doesn't answer the question of independent economic value. And please shed light on it for me if I'm missing something. Independent economic value was never litigated in terms of how we defined it. You didn't have an expert on independent economic value. So how can Flora be bound by representations at trial about independent economic value when they were never given the opportunity to argue it? Well, they were given the opportunity. The question that was asked of Mr. Maggar at trial was market value. And he answered the question market value for each illustration. Well, sort of, because he said he thought there were 44 illustrations. He wasn't even sure of the number of illustrations. That's correct. And he wasn't hired to determine the number of illustrations that were infringed. He was hired to determine the value of the works that were infringed. And that's precisely what he did. He provided a response to a request of market value, and he gave a value, and then he said it was for each illustration. In addition to that, the plaintiff herself indicated and testified that there was independent economic value of $5,000 per illustration. And what I'm asking the court to look at is the comment that counsel made. He said the instructions tell you to look at a willing buyer and a willing seller, and that's what Mr. Maggar's testimony is about. What would those two parties have reached an agreement on in absence of a lawsuit? That's precisely market value of each illustration. And so the reason they can't contradict it in the approach that was adopted by the district court is because they agreed with it. Hold on. The source, Mr. Van Kampen, the source of the disagreement you're saying is coming from the trial record, correct? That's the positions they took at trial. What I'm saying is that they agreed. Agreed when? At trial? At trial. Okay. All right. But we don't have an appeal here from the trial, right? What's being appealed here now, of course, is the summary judgment ruling. Correct. Okay. And if you take the facts in the light most favorable to the non-moving party, your adversary here, the defendant. On the summary judgment issue. Well, that's the only thing in front of us. We're not doing anything with the trial. The trial was five, six years ago, right? Right. The only thing in front of us is the district court's most recent summary judgment ruling. Correct. The post-Seventh Circuit remand summary judgment ruling, right? Yes. Okay. So why isn't there an issue of fact there around the independent economic value test accepting the facts in the light most favorable to FLORA? Well, because FLORA presented proposed findings of fact. They presented 34 of them, I believe. And not a single one of those addresses independent economic value. And so the district court was correct. The district court wasn't refusing to set a trial. The district court said, I'll rapidly set a trial if there is a disputed issue of fact. And there was no disputed issue of fact. If Ms. Sullivan never sold or offered at an individual level any of the illustrations but did them more as a bundle as part of the two advertising campaigns and then billed it accordingly, why, viewing those facts in the light most favorable to FLORA, does that not create a trial issue? Because, first of all, they also say that she sold individual ones, not these, okay? But it's almost like if you take the apple with the bite out of it, okay? I mean, Apple has adopted that and puts it on everything that Apple does. The suggestion that that has no value because they haven't sold it to somebody else, I think, is an apt example of why, in this case, she prepared these for them, but that doesn't deny independent economic value. No, fine, but that seems to me to be an argument why you might win. But it doesn't seem to be an argument that there's no issue for trial. That's not as a matter of law. What's that? That determination that the fact that others haven't bought it isn't an issue as a matter of law. I mean, to what Judge Scudder said, that's an argument you can make, and it might be persuasive. Right, but we have here very direct testimony of independent economic value for each illustration. That's what FLORA had to confront on summary judgment. You can't disclose an expert on independent economic value or to prove statutory damages. Your 26A2 disclosure, and I'm looking at it right now, was to determine the value of actual damages. When you put on a copyright case, you present the illustrations, you present the infringements, and once you've presented the infringements, you have the right to choose between actual. No doubt. I'm not disputing any of that. But when you say you have an expert for actual and you don't disclose an expert for statutory, how do you prove statutory? Because you prove the infringement. That's what statutory damages flow from. How do you prove the distinct economic value if you didn't disclose an expert on distinct economic value? Because for actual damages, you disclose an expert to determine the value of the use of those infringed items. And so it flows that that expert can testify about actual value, and then once you prove the infringements, what the illustrations are and what the infringements are, then, of course, you can ask for statutory damages. Mr. Van Kamp, let me ask you this. As a legal matter, has any circuit court, to your knowledge, held that you need an expert witness to prove independent economic value? That a plaintiff cannot carry her burden without an expert witness on independent economic value? I'm unaware of it. Okay, so it can be proved as a factual matter by focusing on the attributes of the test that we articulated in our prior opinion. And so that's why, in part, you argue that your client's own testimony is relevant, not irrelevant, to the question of whether there's a work with each illustration. Right, because you don't put on an expert to prove statutory damages. Statutory damages flow from the statute. But you certainly can put on an expert to prove the independent economic value, which is how you determine what those statutory damages are. Right, and you do that through proof of actual damages. That's what actual damage- That might be one way to prove it, but there might be other ways as well. But if I prove it one way through an expert who testifies about actual damages, then the question- I mean, you understand in the trial process here, liability had been determined. So at that point, we put on evidence of the damages. And, excuse me- Let me, as you're collecting your thoughts here, let me ask you a question. So this is not the outcome you want, I know that. But let's assume for just argument, for discussion here, that we remand. On remand, should that trial be limited to solely the issue of whether any sum or none of the 33 illustrations constitute works within the meaning of the Copyright Act for purposes of statutory damages? Should the remand be that limited? Do you mind asking me that again? I got crossed up in my own thoughts. So suppose we remand. And suppose our remand order tells the district court, what we envision happening is that a jury be convened for a very, very, very limited purpose. And that is to determine whether all, some, or none of the 33 illustrations constitute works within the meaning of Section 504C of the Copyright Act. That's the sole purpose. In other words, the trial will have nothing to do with actual damages. It's not going to have anything to do with infringement. It's not going to have anything to do with unjust enrichment. It is limited solely to this issue that's unresolved about statutory damages. Well, first of all, I don't believe it's unresolved. No, no, no. You've got to accept that. We can't debate that. Just accept the question. We know what your position is. Right. But it seems to me that that ought to be the limit of it. And I think the district court and this court understands that the testimony is going to be precisely what has been presented in summary judgment in this case. Okay. Which is, which is. You know, the next question. The next question is, if it's that limited, should Danny Mager be permitted to testify? Yes, of course. Why? Because he has testified as to the market value of each illustration. You know, he is not. I mean, in other words, his opinion about his opinion about how illustrators are compensated, the use based opinion, the three to six thousand dollars per additional use. Your point is that that is relevant and informative, not irrelevant to the question of whether you have a work here. That's correct. That's your. Absolutely. Okay. Absolutely. That's what a work is. Would you want another expert? Pardon me? Would you want an expert to testify specifically as to independent economic value? Or you think what you have is sufficient? Well, clearly, I believe what we have is sufficient. But if the appellant is going to be permitted to. Yeah, no doubt. If they're permitted some, then you on a fairness. Right. So if the court had ruled four months before trial, or better yet, if the court had ruled the same as we did when this came up the first time, that you have to prove independent economic value in order for something to be a work and qualify for statutory damages. Right. Would you still have only disclosed Mr. Mager as your expert? Or would you have gotten an expert that testified more specifically about independent economic value? I think that's precisely what he testified about. Okay. So you think that's sufficient? It is. I think it is sufficient because, as I said, in a copyright infringement case, once infringement is proven, you can. So one more question. I know we're getting close to your time here. We sent this back to, quote, resolve as a factual matter whether all are part of Sullivan's 33 illustrations or separate works with distinct and discernible value are part of two broader compilations. The district court would not permit FLORA to present evidence about whether certain of the 33 illustrations had independent economic value. How is that consistent with our ruling? Well, the issue is what they are asking for is not to prove that some or all of the 33 don't have independent economic value. What they're asking to do is say either they are not copyrightable or we didn't infringe them. I mean, that's what their argument here is. But if it is sent back and if you're entitled to statutory damages, if something is a work under the Copyright Act, and if it's only a work if it has an independent economic value, which we decided a new standard when it came up the first time, why shouldn't they be able to challenge each individual illustration as to whether or not it has an independent economic value? That seems to be what we directed the first time around. They were given that opportunity and they didn't take it. Well, hold on. What would the trial be about? And the court said they waived it. The court would not. I'm sorry. May I respond? Go ahead. Yeah. The court said, I will set a trial if you demonstrate a disputed issue of fact. They had every opportunity in the summary judgment process to say this has no economic value, this has no economic value. No, but the court said you waived your ability to challenge them on an individual basis. Pardon me? The court found that they had waived that issue the first time around. Well, the issue that the court found that they had waived was challenging whether or not any of the 33 were copyrightable, not the independent economic value issue. I mean, the court made a ruling. Let me ask you this, Mr. Van Kamp. I'm sorry. Okay. Accept the premise, which I know you reject or you don't want, that it's going to be remanded. How would you articulate to us what should happen at the trial? What's the question the jury is going to be empaneled to answer? The only question, as I understand the scope of the remand, the only question would be of these illustrations. Here are the illustrations. Does this one have independent economic value? Does this one have independent economic value? Does this one have independent economic value? Does this one have? So you'd go through the 33, and the answer is going to be all, none, or some. Right, but the evidence is already there, and it's the same thing to say—  If Judge Scudder's premise is in place, if it is remanded to make this factual determination, you agree that on remand, FLORA can present evidence. Maybe it doesn't have any, but it can present evidence challenging the independent economic value of each of the illustrations. Correct, but only with the evidence that they had before the trial. All that is to say is that whatever cards are in your hand right now, whether you like your hand or you dislike your hand, that's the hand you're going to play at the next trial. Right. Right? The evidence is what it is. That's correct, and I mean, I think the fact that they asked before trial to have this very issue determined during the trial suggests that they were prepared on that day to go forward with trial. They didn't ask for more time. They didn't ask for new experts. They should be limited to what they have, but I still think the answer is that evidence is already before you. It was determined. It was, you know, the judge made a good decision. It's not the judge's fault, so I would ask that the court grant Amy Sullivan a conclusion here. Okay, very well. Thank you. Mr. Fallon, you've got a couple minutes left. Thank you, Your Honor. Why didn't you ask the court to reopen expert discovery the morning of trial when he made this determination? I can answer that going on the scope of the remand, I think, that we're talking about right now. And pointing to our proposed statement of facts on the remand, for example, we have proposed fact number one, Flora did not use stills from the Florence video in print advertising. Sullivan disputed that. The point here that I want to make clear about the remand with counsel saying yes, on remand, plaintiffs should have to prove the independent economic value of each illustration in the two registrations. I don't want to be misunderstood that Flora did not Flora had a license for the videos and used all the illustrations in the videos. Flora did not use all of the illustrations apart from the videos. So it may be on retrial for damages that many, if those illustrations, if we now have a trial about illustration one having independent economic value, the question has to be answered whether Flora used that separately from the videos. Wouldn't that be the question of infringement, though, that's already been decided in the first trial? Well, the strange thing about the first trial is that plaintiff was only required by the district court to prove infringement of two copyright registrations, but then was given more than two helpings of damages. So we were put in the catch-22 situation of... These sound like issues, though, that should have been vetted and probably were the first time around. It sounds to me like you're saying trying to get a full retrial on these issues and a question of infringement in the first place. Only as it relates to... Even an only. Only as it relates to whether... If illustration one, yes or no, has independent economic value, if it does, if there are two works, then that's the only issue on remand. But if there are... And I pointed out in the briefing that there aren't even 33 illustrations, so... Right, that's something... Yeah, but my point is if the question is yes, say, with respect to illustration 15, it has independent economic value, doesn't there have to be a showing that that particular work was infringed... That's something that's already been decided in the first trial on the question of liability, that you infringed with respect to number 15. Because it was treated by the district court as infringement with respect to two copyright registrations, but then... Well, the jury made a determination that there was infringement on all 33, and we could dispute the number, but... Yeah. It sounds to me like now, by your part two, you're asking us to revisit what, as Judge Cutter started out today, saying that there are certain things that are not up to date. We would think it's appropriate. However, we also think that it's... I think that's been decided on the question of liability. But on the question of... The remand should be clear in Flora's opinion that the merits of each illustration, including background textures, needs to be considered as to whether it was a work. Okay, very well. Thanks to both parties. We appreciate it very much. We'll take the case under advisement.